

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622 Direct
+1 212 698 0495 Fax

October 31, 2018

**VIA HAND DELIVERY AND ECF**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

Re: *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (LAP)

Dear Judge Preska:

The defendant respectfully submits this letter to raise an issue regarding the Court's charge to the jury in the above-referenced case. New information has come to our attention that requires us to request an additional charge, or a clarification of one of the proposed charges that we submitted to the Court on October 22, 2018, insofar as it relates to the alleged Uganda Scheme, and particularly counts 3, 5, and 8 of the indictment.

## Background

By letter dated October 25, the government informed us that it "may introduce evidence and argument" about three "things of value to and/or for the benefit of" foreign officials, and the foreign officials to whom those things were allegedly offered or provided. The letter indicated that the government may seek to prove that the defendant offered or provided (i) a $500,000 wire to Sam Kutesa, (ii) $500,000 in cash to Yoweri Museveni, and (iii) certain business opportunities, ventures or partnerships to both men.

By letter dated October 29, we inquired "(a) which thing of value underlies which count of the indictment, and (b) whether the grand jury was provided evidence as to each of the things of value, and instructed as to which thing of value underlies which count of the indictment?"

The government responded by email, declining to answer the second inquiry, but stating that counts 3, 5 and 8 "are based on all of the things of value identified with respect to both Mr. Kutesa and Yoweri Museveni."



### The Problem of Duplicity And Our Request For An Appropriate Jury Instruction

As we understand the government's position, the government contends that it can prevail on counts 3 or 5 if the jury finds that (a) Mr. Kutesa was offered or received a $500,000 wire, *or* (b) President Museveni was offered or received $500,000 in cash, *or* (c) both men were offered or received an interest in a joint venture/partnership. In light of this position, we would respectfully request that the Court instruct the jurors that it must agree unanimously on which, if any, of these alleged bribes or bribe attempts it finds beyond a reasonable doubt. It would be insufficient if, for example, some jurors found beyond a reasonable doubt that the wire to Mr. Kutesa was made, but others made no such finding, instead finding beyond a reasonable doubt that the $500,000 in cash was transferred or attempted to be transferred. Similarly, with respect to count 8 (money laundering in connection with the alleged Uganda Scheme, in which violation of the FCPA is identified as a potential SUA), the jury should be required to agree on which alleged bribe was in fact made or attempted.

We have prepared and enclosed herewith revised charges numbered 21, 31 and 45, in light of this new information and consistent with the observations in the preceding paragraph. We provide both "clean" versions of these charges, and "redlined" versions, which show the changes from our earlier (October 22) submission. We have also enclosed the correspondence between the government and us, referred to above.

Respectfully,

/s/ Benjamin E. Rosenberg

Benjamin E. Rosenberg

Enclosure

cc:     All counsel of record

16763126

# RTC 21, 31, 45-Clean

## Count Three: Violating the Foreign Corrupt Practices Act
### (Domestic Concern - Uganda)

Count Three charges the defendant with another substantive violation of the FCPA. Like Count Two, Count Three charges the defendant based on his alleged association with a "domestic concern." That is, Count Three alleges that the defendant was an officer, director, employee, stockholder, or agent of a domestic concern, acting on behalf of such domestic concern.[1] Whereas Count Two pertained to Chad, Count Three pertains to Uganda.

To meet its burden of proof as to Count Three, just as with Count Two, the Government must establish beyond a reasonable doubt the seven elements I described previously. The only difference is what the Government must establish in connection with the fifth element of Count Three. The fifth element that the Government must prove beyond a reasonable doubt is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official, or to any other person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given or promised, directly or indirectly, to a foreign official.

For purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (1) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (2) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur. For purposes of the FCPA, a person is deemed to have knowledge of a circumstance if the evidence

---

[1] *See supra* note 19.

shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

For Count Three, the alleged foreign officials are Sam Kutesa, the Foreign Minister of Uganda, and/or Yoweri Museveni, the President of Uganda. The government has also introduced evidence that a wire payment was made to an entity, the Food Security and Sustainable Energy Foundation, and it has argued that the payment was intended for Mr. Kutesa. It has also argued that money was offered or paid to Mr. Museveni. And it has also argued that an offer to engage in joint venture or partnership was extended to both men.

In order to find that this element has been satisfied, you must agree unanimously on

(1)     *Whether* a bribe was made or attempted, and, if so, whether it was a wire payment to the Food Security and Sustainable Energy Foundation, a payment to Mr. Museveni, or an offer to engage in a joint venture or partnership, and

(2)     *The identity* of the intended bribe recipient, whether Mr. Kutesa, Mr. Museveni, or both, and

(3)     That the defendant *knew* that whatever alleged payment you may determine was made or attempted would be offered, given or promised, directly or indirectly, to Mr. Kutesa, or Mr. Museveni, or both.[2]

---

[2] *See supra* note 25.

Page intentionally left blank

## REQUEST NO. 31

## Count Five: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States - Uganda)

Count Five charges the defendant with another substantive violation of the FCPA. Like Count Four, Count Five charges the defendant based on actions taken within the territory of the United States. That is, Count Five alleges that the defendant, while in the territory of the United States, did any act in furtherance of a corrupt offer, payment, promise to pay, or authorization of the payment of any money, gift, or thing of value to a foreign official. Whereas Count Four pertained to Chad, Count Five pertains to Uganda.

To meet its burden of proof as to Count Five, just as with Count Four, the Government must establish beyond a reasonable doubt the seven elements I described previously. The only differences are that, for Count Five, the government alleges three different bribes or attempted bribes, and identifies two alleged foreign officials, Sam Kutesa, the Foreign Minister of Uganda, or Yoweri Museveni, the President of Uganda, or both, as intended recipients of one or the other of the bribes.

As I explained to you in connection with Court Three, in order to find that this element has been satisfied, you must agree unanimously on both the alleged bribe that was made or attempted, and on the identity of the foreign official the defendant bribed or attempted to bribe.[3]

---

[3] *See supra* note 25.

Page intentionally left blank

## REQUEST NO. 45

### Count Eight: International Money Laundering (Uganda)
### Second Element – Intent to Promote Specified Unlawful Activity

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity, specifically; (i) the "domestic concern" violation of the FCPA pertaining to Uganda, as charged in Count Three, and/or (ii) bribery of foreign officials, in violation of one or more of the laws of Uganda. It does not include the "acts within the United States" violation of the FCPA pertaining to Uganda, as charged in Count Five.[4] I have already explained to you the elements of the first specified unlawful activity – the "domestic concern" violation of the FCPA – and I will soon explain the elements of the second specific unlawful activity, bribery of foreign officials, in violation of one or more the laws of the Uganda. As to acting intentionally, I have previously defined that term in connection with the international money laundering statute and that definition applies here. As I have explained, all twelve of you must agree on the "specified unlawful activity" that the defendant intended to promote. If you cannot unanimously agree on the "specified unlawful activity," then you must find the defendant not guilty of Count Eight.

16763318.2.LITIGATION

---

[4] *See supra* note 39.

# RTC 21, 31, 45-Redlined

## Count Three: Violating the Foreign Corrupt Practices Act
### (Domestic Concern - Uganda)

Count Three charges the defendant with another substantive violation of the FCPA. Like Count Two, Count Three charges the defendant based on his alleged association with a "domestic concern." That is, Count Three alleges that the defendant was an officer, director, employee, stockholder, or agent of a domestic concern, acting on behalf of such domestic concern.[1] Whereas Count Two pertained to Chad, Count Three pertains to Uganda.

To meet its burden of proof as to Count Three, just as with Count Two, the Government must establish beyond a reasonable doubt the seven elements I described previously. The only difference is what the Government must establish in connection with the fifth element of Count Three. The fifth element that the Government must prove beyond a reasonable doubt is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official, or to any other person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given or promised, directly or indirectly, to a foreign official.

For purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (1) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (2) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur. For purposes of the FCPA, a person is deemed to have knowledge of a circumstance if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

---

[1] *See supra* note 19.

For Count Three, the alleged foreign officials are Sam Kutesa, the Foreign Minister of Uganda, and/or Yoweri Museveni, the President of Uganda.  The government has also introduced evidence that a <u>wire</u> payment was made to an entity, the Food Security and Sustainable Energy Foundation. ~~The government must establish beyond a reasonable doubt that the defendant knew that this alleged payment would be offered, given or promised, directly or indirectly, to a foreign official, specifically, to Mr. Kutesa and/or~~, <u>and it has argued that the payment was intended for Mr. Kutesa.  It has also argued that money was offered or paid to</u> Mr. Museveni.  <u>And it has also argued that an offer to engage in joint venture or partnership was extended to both men.</u>

In order to find that this element has been satisfied, you must agree unanimously on ~~the~~

(1)    ***Whether*** <u>a bribe was made or attempted, and, if so, whether it was a wire payment to the Food Security and Sustainable Energy Foundation, a payment to Mr. Museveni, or an offer to engage in a joint venture or partnership, and</u>

(2)    ***The*** *identity* of the ~~foreign official the defendant bribed or attempted to bribe~~<u>intended bribe recipient, whether Mr. Kutesa, Mr. Museveni, or both, and</u>

(3)    That the defendant ***knew*** <u>that whatever alleged payment you may determine was made or attempted</u> would be offered, given or promised, directly or indirectly, to <u>Mr. Kutesa, or Mr. Museveni, or both.</u>[2]

---

[2] *See supra* note 25.

Page intentionally left blank

<u>**REQUEST NO. 31**</u>

<u>**Count Five: Violating the Foreign Corrupt Practices Act**</u>
<u>**(While in the Territory of the United States - Uganda)**</u>

Count Five charges the defendant with another substantive violation of the FCPA. Like Count Four, Count Five charges the defendant based on actions taken within the territory of the United States. That is, Count Five alleges that the defendant, while in the territory of the United States, did any act in furtherance of a corrupt offer, payment, promise to pay, or authorization of the payment of any money, gift, or thing of value to a foreign official. Whereas Count Four pertained to Chad, Count Five pertains to Uganda.

To meet its burden of proof as to Count Five, just as with Count Four, the Government must establish beyond a reasonable doubt the seven elements I described previously. The only ~~difference is~~differences are that, for Count Five, the <u>government alleges three different bribes or attempted bribes, and identifies two </u>alleged foreign officials ~~include~~, Sam Kutesa, the Foreign Minister of Uganda, ~~and/~~or Yoweri Museveni, the President of Uganda~~,~~<u>, or both, as intended recipients of one or the other of the bribes.</u>

As I explained to you in connection with Court Three, in order to find that this element has been satisfied, you must agree unanimously <u>on both the alleged bribe that was made or attempted, and </u>on the identity of the foreign official the defendant bribed or attempted to bribe.[3]

---

[3] *See supra* note 25.

Page intentionally left blank

<div align="center">

**REQUEST NO. 45**

**Count Eight: International Money Laundering (Uganda)**
**Second Element – Intent to Promote Specified Unlawful Activity**

</div>

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity, specifically; (i) the "domestic concern" violation of the FCPA pertaining to Uganda, as charged in Count Three, and/or (ii) bribery of foreign officials, in violation of one or more of the laws of Uganda. It does not include the "acts within the United States" violation of the FCPA pertaining to Uganda, as charged in Count Five.[4] I have already explained to you the elements of the first specified unlawful activity – the "domestic concern" violation of the FCPA – and I will soon explain the elements of the second specific unlawful activity, bribery of foreign officials, in violation of one or more the laws of the Uganda. As to acting intentionally, I have previously defined that term in connection with the international money laundering statute and that definition applies here. As I have explained, all twelve of you must agree on the "specified unlawful activity" that the defendant intended to promote. If you cannot unanimously agree on ~~one type~~ ~~of~~the "specified unlawful activity," then you must find the defendant not guilty of Count Eight.

~~16763318.1~~ 16763318.2 LITIGATION

---

[4] *See supra* note 39.

# Correspondence



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 25, 2018

**By Email**

Edward Y. Kim, Esq.
Jonathan F. Bolz, Esq.
Jonathan L. Bodansky, Esq.
Krieger Kim & Lewin LLP

Benjamin E. Rosenberg, Esq.
Katherine M. Wyman, Esq.
Dechert LLP

> Re:    *United States v. Chi Ping Patrick Ho,*
>        **17 Cr. 779 (KBF)**

Dear Counsel:

Please be advised that at trial in the above-captioned matter the Government may introduce evidence and argument that the defendant agreed to and did offer or provide at least the following things of value to and/or for the benefit of the following foreign officials. This list is not intended to constrain the Government's proof or argument, but is provided to assist you in preparing for trial and in the interest of narrowing potential pretrial disputes and ensuring the efficient presentation of evidence.

| Foreign Official | Thing of Value (approximate) |
| --- | --- |
| Idriss Déby | $2 million cash |
| Sam Kutesa | $500,000 wire |
| Yoweri Museveni | $500,000 cash |
| Sam Kutesa and Yoweri Museveni | Joint venture, partnership, or business opportunities for the Kutesa and/or Museveni families and businesses, including in connection with Edith Kutesa's business and a potential acquisition of Barclays Bank |

Please let us know if you have any questions.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By:    s/ Douglas S. Zolkind
Daniel C. Richenthal
Douglas S. Zolkind
Catherine E. Ghosh
Assistant United States Attorneys
(212) 637-2109/2418/1117

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

By:    s/ Paul A. Hayden
Paul A. Hayden
Trial Attorney
(202) 353-9370

Page intentionally left blank


Dechert
LLP

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622 Direct
+1 212 698 0495 Fax

October 29, 2018

**VIA EMAIL**

AUSA Daniel C. Richenthal
AUSA Douglas Zolkind
AUSA Catherine E. Ghosh
Trial Attorney Paul Hayden
One St. Andrews Plaza
New York, NY 10007

**Re:** ***United States v. Chi Ping Patrick Ho***, **17 Cr. 779 (LAP)**

Dear counsel:

Thank you for your October 25, 2018, letter identifying the "things of value to and/or for the benefit of" foreign officials you may intend to prove at trial, and the foreign officials to whom those things were allegedly offered or provided. The letter indicates that the government may seek to prove that the defendant offered or provided (i) a $500,000 wire to Sam Kutesa, (ii) $500,000 in cash to Yoweri Museveni, and (iii) certain business opportunities, ventures or partnerships to both men. Can you please inform us (a) which thing of value underlies which count of the indictment, and (b) whether the grand jury was provided evidence as to each of the things of value, and instructed as to which thing of value underlies which count of the indictment? The information will assist us "in preparing for trial and in . . . narrowing potential pretrial disputes and in ensuring the efficient presentation of evidence."

Very truly yours,

Benjamin E. Rosenberg

cc:      All counsel of record

16762326

Page intentionally left blank

# Rosenberg, Benjamin

| | |
|---|---|
| **From:** | Zolkind, Douglas (USANYS) <Douglas.Zolkind@usdoj.gov> |
| **Sent:** | Monday, October 29, 2018 12:20 PM |
| **To:** | Rosenberg, Benjamin; Richenthal, Daniel (USANYS); Ghosh, Catherine (USANYS); Hayden, Paul (CRM) |
| **Cc:** | Edward Y. Kim - Krieger Kim & Lewin LLP (edward.kim@KKLllp.com); Jon Bodansky (KKL); Jonathan Bolz (KKL); Wyman, Katherine; Park, Susie; Masters, Jeffrey |
| **Subject:** | RE: US v. Ho |

Ben,

We are reproducing below the chart of counts that we included in the Government's opposition to the defendant's motion to dismiss. The conspiracy counts (Counts One and Six) are based on all of the things of value identified in our October 25, 2018 letter. The counts that refer to the Chad scheme (Counts Two, Four, and Seven) are based on the thing of value identified with respect to Idriss Déby. The counts that refer to the Uganda scheme (Counts Three, Five, and Eight) are based on all of the things of value identified with respect to both Sam Kutesa and Yoweri Museveni.

With respect to your question concerning the evidence presented to the grand jury, we are prohibited by law from disclosing such matters. If we can otherwise assist you in preparing for trial or narrowing potential pretrial disputes or ensuring the efficient presentation of evidence, please let us know.

Best,
Doug

| <div align="center">**FCPA Charges**</div> | |
|---|---|
| Count One | Conspiracy to violate the FCPA's domestic concern statute (15 U.S.C. § 78dd-2) and territorial jurisdiction statute (15 U.S.C. § 78dd-3)<br><br>18 U.S.C. § 371 |
| Count Two | FCPA violation – domestic concern statute – Chad scheme<br><br>15 U.S.C. § 78dd-2 |
| Count Three | FCPA violation – domestic concern statute – Uganda scheme<br><br>15 U.S.C. § 78dd-2 |
| Count Four | FCPA violation – territorial jurisdiction statute – Chad scheme<br><br>15 U.S.C. § 78dd-3 |

| Count Five | FCPA violation – territorial jurisdiction statute – Uganda scheme<br><br>15 U.S.C. § 78dd-3 |
|---|---|
| **Money Laundering Charges** | |
| Count Six | Conspiracy to commit money laundering in violation of<br>18 U.S.C. 1956(a)(2)(A)<br><br>18 U.S.C. § 1956(h) |
| Count Seven | Money laundering – Chad scheme<br><br>18 U.S.C. § 1956(a)(2)(A) (predicated on violations of Counts Two and Four, and violations of Chadian bribery law) |
| Count Eight | Money laundering – Uganda scheme<br><br>18 U.S.C. § 1956(a)(2)(A) (predicated on violations of Counts Three and Five, and violations of Ugandan bribery law) |

Douglas S. Zolkind
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
Desk (212) 637-2418
Cell (646) 740-7476

**From:** Rosenberg, Benjamin <Benjamin.Rosenberg@dechert.com>
**Sent:** Monday, October 29, 2018 11:04 AM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Zolkind, Douglas (USANYS) <DZolkind@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Hayden, Paul (CRM) <Paul.Hayden2@usdoj.gov>
**Cc:** Edward Y. Kim - Krieger Kim & Lewin LLP (edward.kim@KKLllp.com) <edward.kim@KKLllp.com>; Jon Bodansky (KKL) <jon.bodansky@KKLllp.com>; Jonathan Bolz (KKL) <Jonathan.Bolz@KKLllp.com>; Wyman, Katherine <Katherine.Wyman@dechert.com>; Park, Susie <Susie.Park@dechert.com>; Masters, Jeffrey <jeffrey.masters@dechert.com>
**Subject:** US v. Ho

Please see the attached.

**Benjamin Rosenberg**

**Dechert LLP**
1095 Avenue of the Americas
New York, NY 10036
+1 212 698 3622  Direct

+1 347 306 0051
benjamin.rosenberg@dechert.com
dechert.com

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.